UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PRISCO NAJERA, ISRAEL FUENTES, CARLOS ALTAMIRANO, CRISTOBAL BRAVO, LEVI GALLARDO, LUGO ROMANO and PABLO NAJERA, individually and on behalf of others similarly situated,

**ANSWER**

Case No. 12-CV- 3133

**PLAINTIFFS**,

- against –

1443 YORK GOTHAM PIZZA INC., (d/b/a GOTHAM PIZZA), 1667 FIRST GOTHAM PIZZA, INC., (d/b/a GOTHAM PIZZA), 144 NINTH GOTHAM PIZZA, INC., (d/b/a GOTHAM PIZZA), MICHAEL SHAMAILOV, LANA SHAMAILOV and CENAN MENEDI

**DEFENDANTS**.
_____

Defendants 1443 York Gotham Pizza Inc., d/b/a Gotham Pizza (hereinafter "1443 Gotham Pizza"), 1667 First Gotham Pizza, Inc., d/b/a Gotham Pizza (hereinafter "166 Gotham Pizza"), 144 Ninth Gotham Pizza, Inc., d/b/a Gotham Pizza (hereinafter "144 Gotham Pizza"), Michael Shamailov, Lana Shamailov, and Cenan Menedi (collectively Defendants), by their undersigned attorney, Law Office of Alex J Ru, PLLC, answer to the Complaint alleges:

1. Denies each and every allegation contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits Gotham Pizza is owned by Lana Shamailov.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits Lana Shamailov serves as owner of Defendant Corporations.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 13.

14. The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 14.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Admits during his employment, Plaintiff Prisco worked at 1443 York Avenue, New York, New York, 10021 ("York Avenue") and 1667 First Avenue, New York, New York 10028 ("First Avenue").

20. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except admits during his employment, Plaintiff Fuentes worked at First Avenue location.

22. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admit Plaintiff Altamirano worked at the First Avenue location.

25. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, except admit Plaintiff Bravo worked at the First Avenue locations.

28. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits Plaintiff Gallardo was employed from approximately April 2010 until to July 2011.

30. Admits Plaintiff Gallardo throughout his employment worked at First Avenue location.

31. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 34 of the Complaint.

35. Admits Plaintiff Pablo was employed by Defendants as a pizza maker from approximately September 2011 until November 2011.

36. Denies each and every allegation contained in paragraph 36 of the Complaint, except admits Plaintiff Pablo worked at First Avenue location.

37. Admits Defendant 1443 Gotham Pizza is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1443 York Avenue, New York, New York 10021.

38. Admits Defendant 1667 Gotham Pizza is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1667 First Avenue, New York, New York 10028.

39. Admits Defendant 144 Gotham Pizza is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 144 Ninth Avenue, New York, New York 10021.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.[1]

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

---

[1] Paragraph 44 of the Complaint is blank

47. Denies each and every allegation contained in paragraph 47 of the Complaint, except admits Defendant Lana possesses an ownership interest in Defendant Corporations.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint, except admits Lana Shamailove possess an ownership interest in Defendant Corporations.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 66.

*Plaintiff Prisco Najera*

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Admits throughout his employment with Defendants, Plaintiff Prisco worked at both Gotham Pizza York Avenue and First Avenue location.

69. Denies each and every allegation contained in paragraph 69 of the Complaint, except admits Plaintiff Prisco was employed as a delivery worker.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

74. Denies each and every allegation contained in paragraph 74 of the Complaint.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Admits Plaintiff Prisco was paid in cash throughout his employment.

77. Denies each and every allegation contained in paragraph 77 of the Complaint.

78. Denies each and every allegation contained in paragraph 78 of the Complaint.

79. Denies each and every allegation contained in paragraph 79 of the Complaint.

80. Denies each and every allegation contained in paragraph 80 of the Complaint.

81. Denies each and every allegation contained in paragraph 81 of the Complaint.

82. Denies each and every allegation contained in paragraph 82 of the Complaint.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

84. Denies each and every allegation contained in paragraph 84 of the Complaint.

85. Denies each and every allegation contained in paragraph 85 of the Complaint, except admit Plaintiff Prisco was required to record the times of arrival and departure.

86. Denies each and every allegation contained in paragraph 86 of the Complaint.

87. Denies each and every allegation contained in paragraph 87 of the Complaint.

88. Denies each and every allegation contained in paragraph 88 of the Complaint.

*Plaintiff Israel Fuentes*

89. Denies each and every allegation contained in paragraph 89 of the Complaint.

90. Denies each and every allegation contained in paragraph 90 of the Complaint, except admits Plaintiff Fuentes was stationed at First Avenue location.

91. Admits Defendants employed Plaintiff Fuentes as a delivery worker.

92. Denies each and every allegation contained in paragraph 92 of the Complaint.

93. Denies each and every allegation contained in paragraph 93 of the Complaint.

94. Denies each and every allegation contained in paragraph 94 of the Complaint.

95. Denies each and every allegation contained in paragraph 95 of the Complaint.

96. Denies each and every allegation contained in paragraph 96 of the Complaint.

97. Denies each and every allegation contained in paragraph 97 of the Complaint.

98. Denies each and every allegation contained in paragraph 98 of the Complaint.

99. Denies each and every allegation contained in paragraph 99 of the Complaint.

100. Admit Plaintiff Fuentes throughout his employment was paid in cash.

101. Denies each and every allegation contained in paragraph 101 of the Complaint.

102. Denies each and every allegation contained in paragraph 102 of the Complaint.

103. Denies each and every allegation contained in paragraph 103 of the Complaint.

104. Denies each and every allegation contained in paragraph 104 of the Complaint.

105. Denies each and every allegation contained in paragraph 105 of the Complaint.

106. Denies each and every allegation contained in paragraph 106 of the Complaint.

107. Denies each and every allegation contained in paragraph 107 of the Complaint.

108. Denies each and every allegation contained in paragraph 108 of the Complaint.

109. Denies each and every allegation contained in paragraph 109 of the Complaint, except admit Plaintiff Fuentes was required to record the times of arrival and departure.

110. Denies each and every allegation contained in paragraph 110 of the Complaint.

111. Denies each and every allegation contained in paragraph 111 of the Complaint.

112. Denies each and every allegation contained in paragraph 44 of the Complaint.[2]

113. Denies each and every allegation contained in paragraph 113 of the Complaint.

*Plaintiff Carlos Altamirano*

114. Admits Plaintiff Altanirano was employed by Defendants from approximately August 2010 to March 2012.

115. Denies each and every allegation contained in paragraph 115 of the Complaint, except admits Plaintiff Altanirano was stationed at First Avenue locations.

116. Denies each and every allegation contained in paragraph 116 of the Complaint.

117. Denies each and every allegation contained in paragraph 117 of the Complaint.

118. Denies each and every allegation contained in paragraph 118 of the Complaint.

119. Denies each and every allegation contained in paragraph 119 of the Complaint.

120. Denies each and every allegation contained in paragraph 120 of the Complaint.

121. Denies each and every allegation contained in paragraph 121 of the Complaint.

122. Denies each and every allegation contained in paragraph 122 of the Complaint.

---

[2] Paragraph 112 of the Complaint is blank.

123. Admit Plaintiff Altamirano throughout his employment was paid in cash.

124. Denies each and every allegation contained in paragraph 124 of the Complaint.

125. Denies each and every allegation contained in paragraph 125 of the Complaint.

126. Denies each and every allegation contained in paragraph 126 of the Complaint.

127. Denies each and every allegation contained in paragraph 127 of the Complaint.

128. Denies each and every allegation contained in paragraph 128 of the Complaint.

129. Denies each and every allegation contained in paragraph 129 of the Complaint.

130. Denies each and every allegation contained in paragraph 130 of the Complaint.

131. Denies each and every allegation contained in paragraph 131 of the Complaint.

132. Denies each and every allegation contained in paragraph 132 of the Complaint.

133. Denies each and every allegation contained in paragraph 133 of the Complaint.

134. Denies each and every allegation contained in paragraph 134 of the Complaint, except admit Plaintiff Altamirano was required to record the times of arrival and departure.

135. Denies each and every allegation contained in paragraph 135 of the Complaint.

136. Denies each and every allegation contained in paragraph 136 of the Complaint.

137. Denies each and every allegation contained in paragraph 137 of the Complaint.

138. Denies each and every allegation contained in paragraph 138 of the Complaint.

*Plaintiff Cristobal Bravo*

139. Denies each and every allegation contained in paragraph 139 of the Complaint.

140. Denies each and every allegation contained in paragraph 140 of the Complaint, except admits Plaintiff Bravo was stationed at First Avenue locations.

141. Denies each and every allegation contained in paragraph 141 of the Complaint, except admits Plaintiff Bravo was employed as a delivery worker.

142. Denies each and every allegation contained in paragraph 142 of the Complaint.

143. Denies each and every allegation contained in paragraph 143 of the Complaint.

144. Denies each and every allegation contained in paragraph 144 of the Complaint.

145. Denies each and every allegation contained in paragraph 145 of the Complaint.

146. Denies each and every allegation contained in paragraph 146 of the Complaint.

147. Denies each and every allegation contained in paragraph 147 of the Complaint.

148. Denies each and every allegation contained in paragraph 148 of the Complaint.

149. Denies each and every allegation contained in paragraph 149 of the Complaint.

150. Admit Plaintiff Bravo throughout his employment was paid in cash.

151. Denies each and every allegation contained in paragraph 150 of the Complaint.

152. Denies each and every allegation contained in paragraph 151 of the Complaint.

153. Denies each and every allegation contained in paragraph 152 of the Complaint.

154. Denies each and every allegation contained in paragraph 153 of the Complaint.

155. Denies each and every allegation contained in paragraph 154 of the Complaint.

156. Denies each and every allegation contained in paragraph 156 of the Complaint.

157. Denies each and every allegation contained in paragraph 157 of the Complaint.

158. Denies each and every allegation contained in paragraph 158 of the Complaint.

159. Denies each and every allegation contained in paragraph 159 of the Complaint, except admit Plaintiff Bravo was required to record the times of arrival and departure.

160. Denies each and every allegation contained in paragraph 160 of the Complaint.

161. Denies each and every allegation contained in paragraph 161 of the Complaint.

162. Denies each and every allegation contained in paragraph 162 of the Complaint.

*Plaintiff Levi Gallardo*

163. Admit Plaintiff Gallardo was employed from approximately April 2010 until July 2011.

164. Admit Plaintiff Gallardo was stationed at the First Avenue location.

165. Denies each and every allegation contained in paragraph 165 of the Complaint.

166. Denies each and every allegation contained in paragraph 166 of the Complaint.

167. Denies each and every allegation contained in paragraph 167 of the Complaint.

168. Denies each and every allegation contained in paragraph 168 of the Complaint.

169. Denies each and every allegation contained in paragraph 169 of the Complaint.

170. Denies each and every allegation contained in paragraph 170 of the Complaint.

171. Admit Plaintiff Gallardo throughout his employment was paid in cash.

172. Denies each and every allegation contained in paragraph 172 of the Complaint.

173. Denies each and every allegation contained in paragraph 173 of the Complaint.

174. Denies each and every allegation contained in paragraph 174 of the Complaint.

175. Denies each and every allegation contained in paragraph 175 of the Complaint.

176. Denies each and every allegation contained in paragraph 176 of the Complaint.

177. Denies each and every allegation contained in paragraph 177 of the Complaint, except admit Plaintiff Gallardo was required to record the times of arrival and departure.

178. Denies each and every allegation contained in paragraph 178 of the Complaint.

179. Denies each and every allegation contained in paragraph 179 of the Complaint.

*Plaintiff Lugo Romano*

180. Denies each and every allegation contained in paragraph 180 of the Complaint.

181. Denies each and every allegation contained in paragraph 181 of the Complaint.

182. Denies each and every allegation contained in paragraph 182 of the Complaint.

183. Denies each and every allegation contained in paragraph 183 of the Complaint.

184. Denies each and every allegation contained in paragraph 184 of the Complaint.

185. Denies each and every allegation contained in paragraph 185 of the Complaint.

186. Denies each and every allegation contained in paragraph 186 of the Complaint.

187. Denies each and every allegation contained in paragraph 187 of the Complaint.

188. Denies each and every allegation contained in paragraph 188 of the Complaint.

189. Denies each and every allegation contained in paragraph 189 of the Complaint.

190. Denies each and every allegation contained in paragraph 190 of the Complaint.

191. Denies each and every allegation contained in paragraph 191 of the Complaint.

192. Denies each and every allegation contained in paragraph 192 of the Complaint.

193. Denies each and every allegation contained in paragraph 193 of the Complaint.

194. Denies each and every allegation contained in paragraph 194 of the Complaint.

195. Denies each and every allegation contained in paragraph 195 of the Complaint.

196. Denies each and every allegation contained in paragraph 196 of the Complaint.

197. Denies each and every allegation contained in paragraph 197 of the Complaint.

198. Denies each and every allegation contained in paragraph 198 of the Complaint.

199. Denies each and every allegation contained in paragraph 199 of the Complaint.

200. Denies each and every allegation contained in paragraph 200 of the Complaint.

201. Denies each and every allegation contained in paragraph 201 of the Complaint.

202. Denies each and every allegation contained in paragraph 202 of the Complaint.

*Plaintiff Pablo Najera*

203. Admit Plaintiff Pablo was employed from approximately September 2011 until November 2011.

204. Denies each and every allegation contained in paragraph 204 of the Complaint, except admits Plaintiff Pablo was stationed at First Avenue locations.

205. Denies each and every allegation contained in paragraph 205 of the Complaint, except admits Defendant employed Plaintiff Pablo as a pizza maker.

206. Denies each and every allegation contained in paragraph 206 of the Complaint.

207. Denies each and every allegation contained in paragraph 207 of the Complaint.

208. Denies each and every allegation contained in paragraph 208 of the Complaint.

209. Denies each and every allegation contained in paragraph 209 of the Complaint.

210. Admit Plaintiff Pablo throughout his employment was paid in cash.

211. Denies each and every allegation contained in paragraph 211 of the Complaint.

212. Denies each and every allegation contained in paragraph 212 of the Complaint.

213. Denies each and every allegation contained in paragraph 213 of the Complaint.

214. Denies each and every allegation contained in paragraph 214 of the Complaint, except admit Plaintiff Pablo was required to record the times of arrival and departure.

215. Denies each and every allegation contained in paragraph 215 of the Complaint.

216. Denies each and every allegation contained in paragraph 216 of the Complaint.

217. Denies each and every allegation contained in paragraph 217 of the Complaint.

218. Denies each and every allegation contained in paragraph 218 of the Complaint.

219. Denies each and every allegation contained in paragraph 219 of the Complaint.

220. Denies each and every allegation contained in paragraph 220 of the Complaint.

221. Denies each and every allegation contained in paragraph 221 of the Complaint.

222. Denies each and every allegation contained in paragraph 222 of the Complaint.

223. Denies each and every allegation contained in paragraph 223 of the Complaint.

224. Denies each and every allegation contained in paragraph 224 of the Complaint.

225. Denies each and every allegation contained in paragraph 225 of the Complaint.

226. Denies each and every allegation contained in paragraph 226 of the Complaint.

227. Denies each and every allegation contained in paragraph 227 of the Complaint.

228. Denies each and every allegation contained in paragraph 228 of the Complaint.

229. Denies each and every allegation contained in paragraph 229 of the Complaint.

230. Denies each and every allegation contained in paragraph 230 of the Complaint.

231. Denies each and every allegation contained in paragraph 231 of the Complaint.

232. Denies each and every allegation contained in paragraph 232 of the Complaint.

233. Denies each and every allegation contained in paragraph 233 of the Complaint.

234. The allegations in paragraph 234 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 234.

235. Denies each and every allegation contained in paragraph 235 of the Complaint.

236. Denies each and every allegation contained in paragraph 236 of the Complaint.

237. Denies each and every allegation contained in paragraph 237 of the Complaint.

238. The allegations in paragraph 238 are legal conclusions to which no response is required. To the extent a response is required, Defendants denies allegations contained in paragraph 238.

239. Denies each and every allegation contained in paragraph 239 of the Complaint.

240. Denies each and every allegation contained in paragraph 240 of the Complaint.

241. Denies each and every allegation contained in paragraph 241 of the Complaint.

242. Denies each and every allegation contained in paragraph 242 of the Complaint.

243. Denies each and every allegation contained in paragraph 243 of the Complaint.

244. Denies each and every allegation contained in paragraph 244 of the Complaint.

245. Denies each and every allegation contained in paragraph 245 of the Complaint.

246. Denies each and every allegation contained in paragraph 246 of the Complaint.

**IN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION**

247. Re-alleges each and every answer set forth in paragraph 1 through 246 as though set forth fully and at length herein.

248. Denies each and every allegation contained in paragraph 248 of the Complaint.

249. Denies each and every allegation contained in paragraph 249 of the Complaint.

250. Denies each and every allegation contained in paragraph 250 of the Complaint.

251. Denies each and every allegation contained in paragraph 251 of the Complaint.

252. Denies each and every allegation contained in paragraph 252 of the Complaint.

253. Denies each and every allegation contained in paragraph 253 of the Complaint.

**IN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION**

254. Re-alleges each and every answer set forth in paragraph 1 through 253 as though set forth fully and at length herein.

255. Denies each and every allegation contained in paragraph 255 of the Complaint.

256. Denies each and every allegation contained in paragraph 256 of the Complaint.

257. Denies each and every allegation contained in paragraph 257 of the Complaint.

**IN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION**

258. Re-alleges each and every answer set forth in paragraph 1 through 257 as though set forth fully and at length herein.

259. Denies each and every allegation contained in paragraph 259 of the Complaint.

260. Denies each and every allegation contained in paragraph 260 of the Complaint.

261. Denies each and every allegation contained in paragraph 261 of the Complaint.

262. Denies each and every allegation contained in paragraph 262 of the Complaint.

263. Denies each and every allegation contained in paragraph 263 of the Complaint.

### IN ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION

264. Re-alleges each and every answer set forth in paragraph 1 through 263 as though set forth fully and at length herein.

265. Denies each and every allegation contained in paragraph 265 of the Complaint.

266. Denies each and every allegation contained in paragraph 266 of the Complaint.

267. Denies each and every allegation contained in paragraph 267 of the Complaint.

268. Denies each and every allegation contained in paragraph 268 of the Complaint.

### IN ANSWER TO PLAINTIFF'S FIFTH CAUSE OF ACTION

269. Re-alleges each and every answer set forth in paragraph 1 through 268 as though set forth fully and at length herein.

270. Denies each and every allegation contained in paragraph 270 of the Complaint.

271. Denies each and every allegation contained in paragraph 271 of the Complaint.

272. Denies each and every allegation contained in paragraph 272 of the Complaint.

273. Denies each and every allegation contained in paragraph 273 of the Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

274. The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief. Defendants deny that Plaintiffs is entitled to the relief requested, or any relief in any amount, or of any kind whatsoever in this action.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

275. The Complaint and each purported claim for relief alleged herein, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

276. The Fair Standard Labor Act does not apply to the Defendants because their annual gross revenue does not exceed $500,000.

### **Third Affirmative Defense**

277. Plaintiffs were paid all wages due and owed to them in compliance with Fair Labor Standards Act and New York Labor Law.

### **Fourth Affirmative Defense**

278. Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitations and/or the doctrine of laches.

### **Fifth Affirmative Defense**

279. At all times relevant to the Plaintiffs' claims, the Defendants acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal state or local laws, rules, regulation or guidelines.

### **Sixth Affirmative Defense**

280. Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants hereby respectfully demand judgment dismissing the Complaint in its entirety, together with costs, disbursements, and reasonable attorney's fees incurred in the defense of this action, and that the Defendants have such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 14, 2012

                                             /s/     Alex J Ru
                                             Alex J Ru (AR 3970)
                                             Attorney for Defendants
                                             Law Office of Alex J Ru PLLC
                                             401 Broadway, Suite 1603
                                             New York, NY 10013
                                             T: 212-625-8288
                                             F: 646-530-8788
                                             E: alexjru@attorneyru.com