# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020 — Telephone: (212) 317-1200
New York, New York 10165 — Facsimile: (212) 317-1620

sclark@faillacelaw.com

August 22, 2014

**BY ECF AND ELECTRONIC MAIL**
Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

        Re:    Najera et al v. 1443 Gotham Pizza Inc. et al.
                U.S.D.C., S.D.N.Y., 12-CV-3133 (AT)

Dear Judge Torres:

      We represent the Plaintiffs in the above referenced matter. We write pursuant to Local Civil Rule 37.2 and Rule II(C) of Your Honor's Individual Practices to address a discovery dispute between the parties. Benjamin Xue, counsel for Defendants, and Joshua Androphy, counsel for Plaintiffs, conferred by telephone on August 18, 2014 in an effort to resolve this discovery dispute. When this failed to resolve the parties' dispute, on August 20th Plaintiffs requested Defendants' statement for purposes of a joint letter to be submitted on August 22, 2014. As Defendants have failed to provide Plaintiffs with any statement for purposes of a joint letter, Plaintiffs submit this letter on their own behalf.

<u>Plaintiffs' Position Regarding Defendants' Discovery Non-Compliance</u>

      Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 37(c) and 37(d) for Defendants' failure to comply with their discovery obligations by producing responsive documents and appearing for noticed depositions.

      Defendants have failed to produce any documents relating to eight plaintiffs who have filed consent forms to opt-in to this FLSA collective action after Plaintiffs originally served document requests on Defendants. This is the second time Plaintiffs are writing to the Court concerning Defendants refusal to produce these documents. We previously wrote to the Court on February 11, 2014 regarding Defendants failure to produce the same documents. (ECF # 59) After Defendants' response raised a claim that Plaintiffs' counsel should be disqualified, the Judge Netburn set a schedule for briefing Defendants' motion to disqualify Plaintiffs' attorney. (ECF # 62) Defendants' motion was denied, and the parties were directed to submit a proposed scheduling order for the completion of discovery. (ECF # 77) Judge Netburn approved and so-ordered the parties' jointly submitted a proposed schedule, which set July 11, 2014 as the deadline for Defendants to "produce documents responsive to Plaintiffs' First Request for

Production of Documents concerning any Plaintiffs who joined this FLSA collective action by filings a consent to join." (ECF #79)  The order also set September 12, 2014 as the deadline for completion of all discovery.  (*Id.*)

Despite this jointly submitted and so-ordered schedule, Defendants still have not produced responsive documents concerning Plaintiffs who joined the FLSA collective action by filing a consent to join, as they were required to do by July 11, 2014.  This comes after Defendants' already egregious delay in producing such documents, which necessitated the February 11, 2014 letter and are outlined therein.  As set out in the February 11, 2014 letter, Defendants previously agreed to produce such documents by December 23, 2013 and failed to do so.  Now they have failed to produce the documents by July 11, 2014, as they had agreed and the Court had ordered.

Plaintiffs are left with no choice but to seek sanctions for Defendants' inexcusable failure to comply with their discovery obligations.  Defendants' repeated refusal to produce these responsive documents, despite a court order required them to do so, and their own agreement that they would produce these documents, proves that they are willfully obstructing discovery, in hopes that they can continue to delay resolution of the action.

Fed. R. Civ. P 37(d) authorizes the Court to impose sanctions when a party fails to appear for a noticed deposition or fails to serve answers, objections, or written responses to interrogatories or document requests.  The available sanctions include, among other things, "prohibiting a disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2), 37(d)(3).

Plaintiffs maintain that under the circumstances, a default judgment against Defendants as to the eight opt-in Plaintiffs is appropriate.  While a default judgment is undoubtedly a "severe sanction[]," it is "appropriate  in 'extreme situations,' as 'when a court finds willfulness, bad faith, or any fault on the part of the' noncompliant party."  *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst*., 916 F.2d 759, 764 (2d Cir. 1990)).  In assessing the appropriateness of a particular sanction under Rule 37, courts consider "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the . . . noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned."  *Id.* (quoting *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009)).

Defendants' noncompliance with discovery obligations has been willful.  Defendants are represented by experienced counsel who regularly practices in this area, yet have not complied with basic discovery obligations.  Defendants specifically agreed to produce additional documents by December 23, 2013, and failed to do so.  Defendants then agreed to, and were ordered to, produce the documents by July 11, 2014.  Once again, Defendants failed to produce the documents as they were required.  Defendants have produced such documents relating to other Plaintiffs in the action, and they have not made any representation that such documents do

not exist for the opt-in Plaintiffs.  The Court should find Defendants' noncompliance with discovery has been willful.  *See Guggenheim Capital*, 722 F.3d at 451 (failure to comply with discovery obligations after receiving numerous extensions support finding of willfulness).

Second, lesser sanctions are unlikely to be effective.  Because of the duration and recidivism of Defendants' discovery noncompliance, a stay of proceedings to provide additional time for Defendants to comply would only serve to reward Defendants for their intransigence and prejudice Plaintiffs.  Under the circumstances, entry of a default judgment against Defendants is the only remedy that will fully address Defendants' non-compliance with discovery.

Third, the duration of noncompliance has been extensive.  Defendants agreed on November 8, 2013 that they would produce additional documents by December 23, 2013.  They failed to do so.  Subsequently, they agreed to and were ordered to produce the documents by July 11, 2014.  Again they failed to do so.

Lastly, Defendants have received warning that their failure to comply with discovery obligations may result in sanctions.  The Court's entry of an order on June 16, 2014 that they were required to produce all documents concerning the Plaintiffs who joined the collective action by filing consents to join put Defendants on notice that failure to comply with these deadlines could result in sanctions. (ECF # 79)  Defendants were also on notice from Plaintiffs February 11, 2014 request for sanctions that continued noncompliance would be met with a similar request.  Moreover, Defendants' opportunity to respond to the request for sanctions is sufficient warning.  *See Reilly v. NatWest Mkts Grp. Inc.*, 181 F.3d 253, 270 (2d Cir. 1999).

If the Court deems a default judgment too harsh of a sanction, at the very least the Court should issue an order of preclusion, prohibiting Defendants from offering any documentary evidence not produced, or any testimony, in opposition to Plaintiffs' claims or in support of their defenses.  To be effective, the preclusion order should not only preclude use of documentary evidence that has not been produced, but also should preclude testimony by Defendants on the hours worked by, and wages paid to, the opt-in Plaintiffs.  Records containing that information are believed to be in documents within Defendants' possession, and may help Plaintiffs prove their claims.  Because Defendants are depriving Plaintiffs of documents that likely support their claims, Defendants should not be permitted to testify on the subjects of the withheld documents.[1]  "No sanction other than preclusion will remedy the fact that [Plaintiffs] have been deprived of relevant discovery."  *Harley v. Nesby*, 2011 U.S. Dist. LEXIS 142359, at *24 (S.D.N.Y. Dec. 12, 2011).

Plaintiffs also request the costs of this application. *See* Fed. R. Civ. P. 37(d). "Monetary sanctions are appropriate to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated." *Ritchie Risk-Linked*

---

[1] Plaintiffs do not concede that the documents within Defendants' possession which have not been produced are entirely accurate.

*Strategies Trading (Ir.), Ltd. v. Coventry First LLC* 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting *Green v. McClendon*, 262 F.R.D. 284, 2009 U.S. Dist. LEXIS 71860, at *23 (S.D.N.Y. 2009)).  Defendants should bear the costs and expenses created by their failure to abide by Court Orders and the Federal Rules, not Plaintiffs.

    Plaintiffs thank the Court for its attention to this matter.

                Respectfully Submitted,

                /s/ Shawn R. Clark
                Shawn R. Clark
                Michael Faillace & Associates, P.C.
                Attorneys for Plaintiffs