MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRISCO NAJERA, ISRAEL FUENTES, CARLOS
ALTAMIRANO, CRISTOBAL BRAVO, LEVI
GALLARDO, LUGO ROMANO and PABLO
NAJERA, individually and on behalf of others
similarly situated,

                                      *Plaintiffs*,

                     -against-

1443 YORK GOTHAM PIZZA INC. (d/b/a
GOTHAM PIZZA), 1667 FIRST GOTHAM PIZZA,
INC. (d/b/a GOTHAM PIZZA), 144 NINTH
GOTHAM PIZZA, INC. (d/b/a GOTHAM PIZZA),
MICHAEL SHAMAILOV, LANA SHAMAILOV
and CENAN MENEDI,
                                      *Defendants.*
-----------------------------------------------------------------X

**12 CV 3133**

**FLSA Collective Action**

**ECF Case**

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs Prisco Najera, Israel Fuentes, Carlos Altamirano, Cristobal Bravo, Levi Gallardo, Lugo Romano, and Pablo Najera, and all Plaintiffs who opt in pursuant to 29 U.S.C. § 216(b) ("Plaintiffs"), by counsel, hereby request that each of the above-named Defendants, 1443 York Gotham Pizza Inc. (d/b/a Gotham Pizza), 1667 First Gotham Pizza, Inc. (d/b/a Gotham Pizza), 144 Ninth Gotham Pizza, Inc. (d/b/a Gotham Pizza), Michael Shamailov, Lana Shamailov and Cenan Menedi (collectively the "Defendants") separately produce the following documents for inspection and/or copying at the office of Michael Faillace & Associates, 60 East 42nd Street, Suite 2020, New York, New York 10165, within 30 days after service of this Request for Production.

## **INSTRUCTIONS AND DEFINITIONS**

A. "Plaintiffs" means the plaintiffs, Prisco Najera, Israel Fuentes, Carlos Altamirano, Cristobal Bravo, Levi Gallardo, Lugo Romano, and Pablo Najera, and all other individuals who file a Consent to Sue with the Court.

B. "Defendants" means the defendants, 1443 York Gotham Pizza Inc. (d/b/a Gotham Pizza), 1667 First Gotham Pizza, Inc. (d/b/a Gotham Pizza), 144 Ninth Gotham Pizza, Inc. (d/b/a Gotham Pizza), Michael Shamailov, Lana Shamailov and Cenan Menedi individually and collectively.

C. "Gotham Pizza" means the restaurants located at 1443 York Ave., 1667 First Ave., and 144 Ninth Ave. in Manhattan, individually and collectively.

D. "Restaurant workers" means those performing restaurant-related duties, including, but not limited to, delivery workers, counter attendants, pizza makers, and those performing duties such as preparing food, washing dishes and equipment, cleaning the premises and equipment, and receiving and stocking ingredients and bringing them to the pizza makers.

E. Pursuant to Fed.R.Civ.P. 34(a)(1)(a), this request extends to the designated documents and electronically stored information—including writings, drawing, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

F. With respect to any document(s) withheld under claim of privilege, provide the information required by Local Rule 26.2.

G. The definitions and rules of construction set forth in Local Rule 26.3 are incorporated by reference in these interrogatories.

H. As required by Fed.R.Civ.P. 34(b)(2)(E)(i), documents must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request. This and all other applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules are incorporated in this request by reference.

I. The foregoing and all other applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and of the Local Rules of court are incorporated in this request by reference.

J. Unless otherwise indicated, this request extends to documents and information created or referring to the time period from April 20, 2006 to the present (the "applicable time period").

## **DOCUMENT REQUESTS**

1. The articles of incorporation of 1443 York Gotham Pizza Inc., 1667 First Gotham Pizza, Inc., and 144 Ninth Gotham Pizza, Inc.

2. Documents sufficient to identify each past and current officer, director, owner, and shareholder of 1443 York Gotham Pizza Inc., 1667 First Gotham Pizza, Inc., and 144 Ninth Gotham Pizza, Inc. and any parent, subsidiary, or other affiliated corporation or entity.

3. All organizational charts with respect to 1443 York Gotham Pizza Inc., 1667 First Gotham Pizza, Inc., and 144 Ninth Gotham Pizza, Inc.

4. Any and all bank statements of accounts held by or for the benefit of each defendant.

5. Any and all schedules or other documents relating to the accounts receivable of 1443 York Gotham Pizza Inc., 1667 First Gotham Pizza, Inc., and 144 Ninth Gotham Pizza, Inc.

6. Any and all financial statements of the defendants.

7. Documents sufficient to show the defendants' annual gross volume of sales made or business done (exclusive of excise taxes at the retail level that are separately stated) by each defendant.

8. All documents relating to the sales, transfers of assets and/or debts of each corporate Defendant, and or other payments made or received, other than in the ordinary course of business, and/or sales or transfers of assets between the Defendants and affiliated corporations or other entities, and/or the individual defendants' family members.

9. Documents relating to payments by any one or more corporate Defendants to the any one or more individual Defendants in this action, or their immediate family members, whether for compensation, distribution, or payments of any kind.

10. The complete personnel file for each plaintiff, including but not limited to applications and/or contracts for employment, hire letters and/or forms, payroll reports, payroll information, complaints, comments, write-ups, reprimands, disciplinary actions (whether formal or informal), employee handbooks and/or training manuals.

11. All documents, including job descriptions, demonstrating the duties and responsibilities of restaurant workers at Gotham Pizza.

12. All documents relating to the work assignments and/or work schedules for the plaintiffs and all other restaurant workers at Gotham Pizza, including, but not limited to, documents limited to which employees were responsible for creating and/or implementing the schedules.

13. All documents reflecting hours worked by plaintiffs and all other restaurant workers including time clock records, schedules, and payroll records, whether electronic or maintained by hand.

14. All documents relating to any computerized time-keeping system used at restaurant workers including any handbooks for operating such system.

15. All documents relating to how each plaintiff's and all other restaurant workers' time was reported to defendants for payroll purposes, including who was in charge of reporting the time and to whom it was submitted.

16. All documents relating to how each plaintiff's and all other restaurant workers' pay and deductions were computed, including who was in charge of reporting the time and to whom it was submitted.

17. All documents relating to the amount of wages paid and deductions from wages with respect to each plaintiff and all other restaurant workers for each pay period, including, but not limited to, including documents in the form of a "payroll run" or "payroll history," and/or such other documents in which such information is maintained.

18. All receipts and other documents signed by plaintiffs with respect to their weekly pay.

19. All documents relating to any charges, deductions, and/or reimbursement to Plaintiffs for purchasing and/or cleaning uniforms or clothing, and/or other which the plaintiffs incurred or were required to incur.

20. To the extent not produced in response to any other request, all other documents relating to the hours worked, method of computation and/or the amount of compensation received by Plaintiffs during their employment with Defendants, including, without limitation, the following:

   a. Payroll records.

   b. Copies of plaintiffs' paychecks, paycheck receipts, and./or records of cash payments.

   c. Records of bonuses tips, compensation for tips, and/or accounting for tips.

   d. Records of vacation, holiday, and/or sick time and/or pay/

   e. Records of meal, rest, or other break time scheduled and/or taken.

   f. Records of benefits provided or required to be provided to Plaintiffs under any health insurance, 401(k), disability, or other benefits plan.

21. Any and all documents relating to the termination and the reason(s) for the termination of any Plaintiffs' employment with Defendants, including all documents that show or reflect who made the decision to terminate Plaintiffs.

22. To the extent not produced in response to any other request, all documents or records required to be maintained by any Defendant relating to any Plaintiff by reason of their being an employee under the Fair Labor Standards Act and/or the New York Labor Law and rules and regulations under those statutes.

23. Documents sufficient to indicate the hours of operation of Gotham Pizza

24. All documents relating to defendants' hiring and firing practices, including who was responsible for collecting and reviewing applications, interviewing prospective employees, making hiring or firing decisions, and informing workers of employment decisions.

25. All documents relating to or describing the formation or operation of any overtime policy and/or procedures at Gotham Pizza.

26. All documents relating to or describing the formation or operation of any policy and/or procedures relating to restaurant workers' tips at Gotham Pizza.

27. All notices or documents posted provided to plaintiffs or posted at Gotham Pizza relating to minimum wage and/or overtime law and regulations.

28. All documents relating to communication between any Defendant(s) and any restaurant workers employed by any Defendant(s) relating to any discrepancies in the employees' wages and/or unpaid time.

29. All wage and/or hour-related grievances, charges, and/or complaints made or filed against the defendants internally and/or in any judicial, administrative, or arbitral forum.

30. All documents relating to all internal and/or federal, state, or local government investigation relating to wage and/or hour related matters at Gotham Pizza

31. All documents related to any pay plan that governed, covered, or controlled any Plaintiff's compensation, including opinion letters obtained from the United States Department of Labor or New York State Department of Labor.

32. All correspondence between Defendants and United States Department of Labor, the New York State Department of Labor, and/or any similar agency relating to the Plaintiffs' employment.

33. All documents relating to communications by, from, or between any Defendants and an accountant, or person(s) providing accounting services for Defendants, relating to the compensation and/or accounting therefore of employees of Defendants.

34. All documents sent by, from, or between any Defendants to an accountant, or person(s) providing accounting services for Defendants, relating to any cash payments made to any employees, or accounting thereof.

35. A copy of all each of the following, together with all supporting documentation and attachments, filed by or on behalf of the defendants in or for the applicable time period and for any and all subsequent periods as they become available during the course of this litigation:

    a. IRS Form 8027.

    b. IRS Forms 940, 941, and/or 944.

    c. New York State Form NYS-45.

    d. Each defendant's federal, state, and local tax returns.

36. Forms W-2, W-3, 1099, and any and all other documents filed with federal or state taxing authorities relating to any Plaintiff or any Plaintiff's compensation during their employment with Defendants.

37. All documents relating to any investigation conducted and/or conducted by the Internal Revenue Service and/or any other state or local tax governmental agency regarding the actions and/or conduct of Defendants in relation to accounting for or reporting of income and/or employee compensation.

38. All written or recorded statements, either under oath or otherwise, made by Plaintiffs or by Defendants relating to the subject matter of this litigation.

39. All documents relating to phone calls from any Defendant to the Plaintiffs, including itemized phone bills.

40. All documents insurance agreements which Defendants may utilize to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

41. All documents relied upon in answering each Interrogatory contained in Plaintiffs' First Set of Interrogatories.

42. All documents relating to policies, procedures, and guidelines for data retention related to any Defendants' computers, computer systems, electronic data, and electronic media, including, but not limited to, electronic data retention, backup, archival, preservation, and destruction schedules.

43. All documents or records, including any and all insurance claims or reports, regarding the destruction, loss, or misplacement of payroll, time, attendance, or other like or related wage records by Defendants.

Dated:   New York, New York
         September 20, 2012

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200