**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
PRISCO NAJERA, ISRAEL FUENTES,
CARLOS ALTAMIRANO, CRISTOBAL
BRAVO, LEVI GALLARDO, LUGO
ROMANO and PABLO NAJERA, individually
and on behalf of others similarly situated,

       *Plaintiffs*,

     -against-

1443 YORK GOTHAM PIZZA INC., (d/b/a
GOTHAM PIZZA), 1667 FIRST GOTHAM
PIZZA, INC., (d/b/a GOTHAM PIZZA), 144
NINTH GOTHAM PIZZA, INC., (d/b/a
GOTHAM PIZZA), MICHAEL
SHAMAILOV, LANA SHAMAILOV and
CENAN MENEDI,
       *Defendants*.
----------------------------------------------------------------X

Index No. 12 CV 3133(AT)(SN)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR DISCOVERY SANCTIONS**

Michael Faillace, Esq.
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10065
Tel: (212) 317-1200
Fax: (212) 317-1620

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C. ("Faillace & Associates"), submit this reply memorandum of law in further support of their motion for monetary sanctions for Defendants' discovery misconduct.

## Preliminary Statement

In opposition to Plaintiffs' motion for monetary sanctions against Defendants for their discovery violations, Defendants do not set forth substantial justification for their blatant violation of the Court's discovery order. Instead, they seek to distract the Court with irrelevant mudslinging against Plaintiffs and their attorneys, somehow blaming Plaintiffs for their Defendants' malfeasance. When those nonsensical justifications are properly brushed aside, all that Defendants are left with as an explanation for their disobedience of the Court's discovery order is that Defendants were disorganized and preoccupied with matters other than this lawsuit. Those are not justifications for ignoring the Court's order to produce discovery. Plaintiffs are entitled to monetary sanctions for Defendants.

## Argument

DEFENDANTS HAVE NOT PROVIDED SUBSTNATIAL JUSTIFICATION FOR VIOLATING THE COURT'S DISCOVERY ORDER

Defendants concede, as they must, that Fed. R. Civ. P. 37(b)(2)(C) directs a court to order a party who fails to obey a discovery order to pay reasonable expenses, including attorneys' fees, incurred as a result of the failure, unless the failure to comply was substantially justified, or other circumstances would make an award of fees unjust. (D. Mem. at 2) The Defendants have not approached meeting the showing that would absolve them from paying attorneys' fees for their failure to comply with the Court's discovery orders.

Defendants' justifications come down to two basic arguments. *First*, Defendants claim that their employee records were too scattered for them to locate and produce the relevant

records in a timely manner. (M Shamailov Dec. ¶¶ 3-5) *Second*, Defendants contend that they have been too preoccupied with other personal, business, or legal matters to devote the effort necessary to comply with the Court's order. (*Id.* ¶¶6-9)  Neither excuse serves as substantial justification.  To the contrary, they demonstrate a cavalier approach to this action and an unremorseful laxity towards compliance with this Court's orders and applicable law.

Defendants' excuse that their employment records were scattered among many locations is not justification for their delay in producing documents.[1]  This is so in any case, but even more so here, where Defendants had a legal obligation to maintain records, and to do so at a centralized location.

Federal regulations require an employer to maintain and preserve records including records of "hours worked each workday and total hours worked each workweek." 29 C.F.R. §516.2(a)(7).  Such records must be preserved for three years.  29 C.F.R. §516.5(a).  An employer also must preserve for two years "all basic time and earning cards or sheets on which are entered the daily starting and stopping time of individual employee."  29 C.F.R. §516.6(a). All of these records must be kept "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained."  29 C.F.R. §516.7(a)  Defendants' sloppy recordkeeping was in violation of these federal regulations. This does not provide them with an excuse for their delayed production of time records in discovery, months after the date ordered by the Court.

Defendants' excuse that other legal, business, and personal concerns did not allow them to adequately devote time to comply with the Court's order obviously fall far short of providing

---

[1] Defendants also claim that some pay records were stolen from one of the Gotham Pizza location. (M. Shamailov Dec. ¶2)  Defendants have not offered any proof to substantiate this claim, and Mr. Shamailov could not even identify what season in 2012 this theft took place. *See* Xue Dec. Ex. 28, 43:7-46:23.  In any event, it is a red herring.  The theft of some records has nothing to do with the delayed production of other documents.

substantial justification for disobeying the Court's discovery order.  (M. Shamailov Dec. ¶¶5-8) While business difficulties[2], a foreclosure action, and a son starting college are all undoubtedly important matters, none is of the type that would render someone incapable of performing the search for records required to comply with the Court's order.  Mr. Shamailov does not claim that he was incapacitated by any of these events.  He presumably spent much of this time at the Gotham Pizza locations and at his home, which is where the records were located.  (M. Shamailov Dec. ¶4)   Mr. Shamailov simply made the decision to prioritize other matters over complying with the Court's order.  This is not substantial justification for his failure to produce the documents as ordered by the Court.

Perhaps realizing that they had no substantial justification for disregarding the Court's discovery order, Defendants resort to arguing about purported deficiencies in Plaintiffs' responses to discovery.  As the Court addressed in the September 3, 2014 conference, Defendants' complaints about Plaintiffs' responses lacked merit.  (Androphy Dec. Ex. K 9:1-11:16)  Defendants incredibly claim that Plaintiffs delayed for over a year in identifying the Gotham Pizza location where each Plaintiff was employed.  (D. Mem. at 7)  In fact, Defendants did not ask that in any interrogatory.  (Xue Dec. Exs. 1-7)  At the September 3, 2014 conference, Plaintiffs' attorney agreed to produce that information, even though it had not been the subject of the interrogatories.  (Androphy Dec. Ex. K, 13:13-15:3)  Plaintiffs provided that information two days later.  (Xue Dec. Ex. 26)

Defendants' attempt to rehash their allegations of improper contact by Plaintiffs' attorneys with Cenan Memedi is also unavailing.  The briefing of Defendants' fruitless motion to

---

[2] Mr. Shamailov's claim that his Gotham Pizza businesses experience a slowdown in business since approximately August 2013 is difficult to believe, given that he opened a new Gotham Pizza restaurant in approximately November 2013. (Xue Dec. Ex. 28, 89:2-14)  Moreover, as the Court noted previously, a slowdown in business would give him more time to look for documents. (Androphy Dec. Ex. K, 16:13-16)

3

disqualify Plaintiffs' attorneys did not cause Defendants' noncompliance with the Court's discovery order.  After denying Defendants' motion, the Court ordered Defendants to produce the outstanding records by July 11, 2014, a date the Plaintiffs and Defendants jointly chose. (Androphy Dec. ¶¶8-9, Exs. G, H)  In no way could Defendants' motion to disqualify Plaintiffs' attorneys justify their failure to timely comply with the Court discovery order.

## CONCLUSION

For the reasons stated above and in Plaintiffs' moving papers, the Court should award Plaintiffs the monetary expenses associated with their efforts and motions to obtain discovery from Defendants.

 Dated:  New York, New York
          February 23, 2015

/s/ Joshua Androphy
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
 (212) 317-1200
*Attorneys for Plaintiffs*