UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
PRISCO NAJERA, ISRAEL FUENTES,           :      12cv3133 (DLC)
CRISTOBAL BRAVO, LEVI GALLARDO, LUGO     :      14cv4563 (DLC)
ROMANO, PABLO NAJERA, ELEUTERIO          :      15cv4069 (DLC)
ALONZO, JOSE LUIS ORTEGA, WILFREDO       :      15cv10062(DLC)
RAMIREZ, ANASATCIO ANTOLIN, LUIS         :
ANTONIO CANIZAL, FAUSTO RAMALES,         :          ORDER
FERNANDO ARRELLANOS, LUIS NAJERA,        :
ADALBERTO NAVARRO FLORES, AURELIANO      :
TAPIA, ISRAEL JUAREZ LUNA, RODOLFO       :
RUIZ BRIONES, MANUEL MONTIEL LOPEZ,      :
FERNANDO RODRIGUEZ, CLAUDIO ARIAS, and   :
IVAN BENITEZ,                            :
                                         :
                     Plaintiffs,         :
                                         :
        v.                               :
                                         :
144 NINTH GOTHAM PIZZA, INC., (d/b/a     :
GOTHAM PIZZA), 852 EIGHTH GOTHAM PIZZA   :
INC., (d/b/a GOTHAM PIZZA), 1443 YORK    :
GOTHAM PIZZA INC., (d/b/a GOTHAM         :
PIZZA), 1667 FIRST GOTHAM PIZZA, INC.,   :
(d/b/a GOTHAM PIZZA), MICHAEL            :
SHAMAILOV, and LANA SHAMAILOV,           :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X

DENISE COTE, DISTRICT JUDGE:

     By order dated November 20, 2015, Magistrate Judge Netburn

consolidated three cases -- 12cv3133, 14cv4563, and 15cv4069 --

for purposes of trial.  The defendants had not timely invoked

their right to a jury trial in 12cv3133 and 14cv4563, but had

1

done so for 15cv4069.  The order stated that Judge Analisa
Torres was willing to hold a hybrid bench and jury trial, and
directed the parties to inform the Court as to how they wished
to proceed with trial.  In a letter to the Court dated December
4, the parties jointly requested that "all three cases be tried
by a jury."  The parties also agreed that the jury would "make
specific findings as to each plaintiff's length of employment,
hours and wages," and that damages calculations would be made by
the Court after post-trial briefing by the parties.  The parties
also stated that they anticipated the jury trial would last
seven to ten days.  By order dated December 7, Judge Torres
adopted the parties' request to have all claims tried by a jury.
On December 28, a fourth action was filed, which was also
consolidated by order dated January 21.

On April 20, the consolidated cases were reassigned to this
Court.  By order dated April 20, the Court adjourned the trial
date until July 5.  At a June 30 teleconference, the Court
notified the parties that, pursuant to Federal Rule of Civil
Procedure 42(b), and because of the numerous plaintiffs and
complexity of the claims, the trial scheduled to begin on July
5, 2015 at 9:30 a.m. would proceed with respect to only five of
the twenty-two plaintiffs.  The remaining plaintiffs' claims

2

will be tried at subsequent trials to occur on August 23, September 19, and November 14.

During the teleconference, plaintiffs' counsel made a request that the claims in case 12cv3133 be tried by bench trial because the defendants had not made a jury demand in that case. The plaintiff argued that, although the parties had agreed, and Judge Torres had ordered, that all claims would be decided by a jury, the plaintiffs' consent to a jury trial of all claims was predicated on the consolidation of the above-captioned matters for a single trial.  The plaintiff contends that since the Court has now severed the claims into four trials, the failure of the defendants to make a jury demand permits the claims in case 12cv3133 to be tried by a bench trial.  The defendants have requested that all claims be tried by a jury.  The Court permitted the parties to brief the issue, which the parties submitted on July 1.

For several reasons, all of the plaintiffs' claims will be tried by a jury.  First, the plaintiffs previously consented to submitting all their claims to a jury, notwithstanding the defendants' failure to make a jury demand in 12cv3133.  The Court's election, which is committed to its discretion, to try the claims in four separate trials does not relieve the

plaintiffs of their agreement to try all claims by a jury.
Second, the plaintiffs' consent to have all claims tried by a
jury was not conditioned on consolidation because the parties
gave their consent only after Judge Netburn ordered that the
matters be consolidated.  Indeed, the parties rejected the
option to hold a hybrid jury/bench trial, and instead chose to
have all claims submitted to a jury.

The Court has permitted plaintiffs' counsel to select five
plaintiffs among the 22 to proceed to the first trial on July 5.
Plaintiffs' counsel was permitted to choose plaintiffs from any
of the four consolidated cases, and in fact, did choose
plaintiffs from multiple cases.  Thus, the Court's discretionary
decision to have four separate trials of five or six plaintiffs
each in lieu of a single trial of 22 plaintiffs has no bearing
on whether the claims are to be tried by a jury.  Accordingly,
it hereby

ORDERED that all of the plaintiffs' claims shall be tried by a jury in four separate trials, absent consent of all parties to a bench trial.  The trial scheduled for July 5 starting at 9:30 a.m. shall proceed with respect to plaintiffs Prisco Najera, Israel Fuentes, Eleuterio Alonzo, Wilfredo Ramirez, and Aureliano Tapia.

Dated:      New York, New York
            July 1, 2016

                              _____
                              DENISE COTE
                        United States District Judge