```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ELEUTERIO ALONSO, et al.,                :    12cv3133 (DLC)
                                         :    14cv4563 (DLC)
                    Plaintiffs,          :    15cv4069 (DLC)
                                         :    15cv10062(DLC)
         -v-                             :
                                         :     OPINION
144 NINTH GOTHAM PIZZA, INC., (d/b/a     :     AND ORDER
GOTHAM PIZZA), 852 EIGHTH GOTHAM PIZZA   :
INC., (d/b/a GOTHAM PIZZA), 1443 YORK    :
GOTHAM PIZZA INC., (d/b/a GOTHAM         :
PIZZA), 1667 FIRST GOTHAM PIZZA, INC.,   :
(d/b/a GOTHAM PIZZA), and MICHAEL        :
SHAMAILOV,                               :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES

For the plaintiffs:
Joshua S. Androphy
Shawn Raymond Clark
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165

For the defendants:
Benjamin B. Xue
Xue & Associates, P.C.
1001 Avenue of the Americas, 11th Floor
New York, NY 10018

Joseph Martin Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
New Hyde Park, NY 11042

DENISE COTE, DISTRICT JUDGE:

Four actions brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") were consolidated for purposes of trial. The claims of

five of the seventeen plaintiffs were severed and tried before a jury from July 5 to July 8, 2016. During the trial, the defendants requested that the jury be instructed that the defendants are entitled to an offset or credit for breaks that they allowed the plaintiffs to take during their employment at Gotham Pizza. The defendants also requested that the jury be instructed that, if the jury determined that a plaintiff was paid a weekly rate of pay, then in converting that weekly rate of pay to an hourly rate of pay, the jury should exclude any hours for which the plaintiff was on a paid break.[1] The Court denied both of the defendants' requests for the reasons stated on the record. This Memorandum Opinion further explains the basis of the Court's denial of the defendants' requests.

## Discussion

Under Department of Labor regulations, "bona fide meal periods" are "not worktime." 29 C.F.R. § 785.19(a). "Bona fide meal periods" are breaks in which an "employee [is] completely relieved from duty for the purposes of eating regular meals."

---

[1] The jury was instructed to convert a weekly rate of pay to an hourly rate of pay "by taking the total compensation paid for that week and dividing it by the total number of hours the plaintiff actually worked during that week." See 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.").

Id.  A break is not a "bona fide meal period" if the employee is required to perform any duties, whether active or inactive, while eating.  Id.  An employer need not pay employees for time spent on "bona fide meal periods," but must pay employees for "meal break[s] during which a worker performs activities predominantly for the benefit of the employer."  Reich v. S. New England Telecommunications Corp., 121 F.3d 58, 64 (2d Cir. 1997).  Of course, an employer may elect to pay employees for breaks even if not required to do so under the FLSA.

Here, the defendants contend that "every Plaintiff received and was compensated for three (3) thirty (30) minute breaks per day: one in the morning, one in the afternoon, and one in the evening."  The plaintiffs delivered pizzas by bicycle for Gotham Pizza and performed many other tasks at the four Gotham Pizza pizzerias in Manhattan, including cleaning the premises, preparing food, and transporting supplies.  The owner of Gotham Pizza, Michael Shamailov, testified at trial that he permitted his employees to eat as much pizza as they wished and to take as many meal breaks as they wanted throughout the day.  The defendants argue that, because the wages they paid to their employees covered any break periods the employees chose to take, the defendants are entitled to offset any damages they must pay for violating the FLSA and NYLL by the amount they voluntarily paid for "bona fide meal periods."

The Second Circuit has yet to address whether an employer, after voluntarily paying for "bona fide meal periods," may offset its liability under the FLSA or NYLL by the amount it paid for such breaks.[2]  Other Circuit Courts have split on this issue.  In Ballaris v. Wacker Siltronic Corp., 370 F.3d 901 (9th Cir. 2004), the Ninth Circuit held that an employer, who had violated the FLSA by failing to pay employees for time spent changing into uniforms, could not offset its liability for paid meal breaks even if the employer was not required to pay for such breaks under the FLSA.  The Ninth Circuit reasoned that

> it would undermine the purpose of the FLSA if an employer could use agreed-upon compensation for non-work time (or work time) as a credit so as to avoid paying compensation required by the FLSA.  The Supreme Court has held that in enacting the FLSA Congress intended to guarantee either regular or overtime compensation for all actual work or employment . . . .  Crediting money already due an employee for some other reason against the wage he is owed is not paying that employee the compensation to which he is entitled by statute.  It is, instead, false and deceptive "creative" bookkeeping that, if tolerated, would frustrate the goals and purposes of the FLSA.

Id. at 914 (citation omitted).

---

[2] The cases relied upon by the defendants do not address to the issue of offsets.  See, e.g., Reich, 121 F.3d 58, 64 (2d Cir. 1997) (holding that requirement that employees remain on site during lunch breaks to provide security and ensure safety transformed otherwise uncompensable breaks into compensable work periods).

The Eleventh Circuit came to the opposite conclusion, holding than an offset is appropriate when an employer paid for breaks that qualify as "bonda fide meal periods" under the FLSA. Avery v. City of Talladega, Ala., 24 F.3d 1337, 1344 (11th Cir. 1994) ("If the meal break is not compensable time under the FLSA, then the [employer] should be allowed to offset the amount it pays for the meal break against any amount it owes the plaintiffs for pre- and post-shift time at work.").  Similarly, the Seventh Circuit held that an offset is appropriate where an employer paid for meal breaks but did not pay for "roll call" time, which consisted of, inter alia, uniform and equipment inspections.  Barefield v. Vill. of Winnetka, 81 F.3d 704, 711 (7th Cir. 1996).  The Seventh Circuit reasoned that

> The FLSA sets a floor, not a ceiling, on compensation that employees must receive . . . . The FLSA prohibits an employer from failing to compensate for "work" in excess of forty hours per week.  The meal periods were not "work."  Therefore, plaintiffs fail to establish an FLSA violation.

Id.

Allowing an employer to treat meal breaks as compensable time but then claim an ex post facto credit invites fraud and undermines the goals of the federal and New York labor laws. The law requires clear and complete notice of the terms of employment to be provided contemporaneously to employees.  See, e.g., N.Y. Lab. Law § 195(1)(a) (wage notice requirement); N.Y.

5

Lab. Law § 195(3) (pay stub requirement).  If an employer has not provided contemporaneous notice to its employees that their break time is non-compensable time, then neither the employer nor the employee has an incentive to monitor and record the use of that time, or to take timely and appropriate action to enforce the employer's policy.  Allowing a damages award to be offset by compensation that an employer voluntarily paid above the minimum required by law, rewrites the terms of employment under which the employer and employee functioned.  It also introduces needless complexity into litigation since the existence and extent of the ex post facto offset will rarely be supported by contemporaneous records.

The instant litigation is an example of each of these difficulties.  The evidence at trial showed, and the jury found, that the defendants violated both the FLSA and NYLL provisions requiring payment of a minimum wage and compensation for overtime work, among other things.[3]  The plaintiffs were generally paid at a flat rate of $250 to $350 per week for 60 or

---

[3] The jury also found that the defendants (1) failed to pay "spread-of-hours" pay required by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6, (2) misappropriated the plaintiffs' tips in violation of N.Y. Lab. Law § 196-d, (3) failed to pay the plaintiffs for the tools of the trade they were required to use to perform their work in violation of 29 C.F.R. § 531.35 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.7(a), (4) failed to provide notice of the plaintiffs' wages in violation of N.Y. Lab. Law § 195(1)(a), and (5) failed to provide the plaintiffs pay stubs in violation of N.Y. Lab. Law § 195(3).

more hours of work spread over six days.  There was no evidence that any plaintiff was given a "bona fide meal period," or any notice that there would be a period of time each day, whether thirty minutes or something else, when they were not on call to perform work for Gotham Pizza.  Instead, the owner of Gotham Pizza testified that he permitted his employees to take meal breaks "as they please."  This catch-as-catch-can opportunity to grab and eat a slice of pizza cannot constitute a bona fide meal period.  Moreover, the defendants provided no written notice of any meal break credit, or notice that their "paid" meal breaks would offset their overtime pay or make up for Gotham Pizza's failure to pay a minimum wage.  Finally, there were no records reflecting any meal breaks.  The only reliable records that were received into evidence were handwritten records showing the time of day the employee began and ended work for some of their weeks of employment.

    Employees are entitled to be paid in compliance with the FLSA and NYLL.  If an employer intends to pay for meal breaks in lieu of paying directly for overtime work or paying the minimum wage, it must, at a minimum, make this intention known to the employee.  Because Gotham Pizza did not do so, it cannot now offset its liability under the FLSA and NYLL on the basis of a claim that it paid for employees' meal breaks.

For the same reasons, time in which an employee was on a paid meal break shall not be subtracted in converting that employee's weekly rate of pay into an hourly rate of pay. Moreover, Department of Labor regulations provide that

> [w]here the parties have <u>reasonably agreed</u> to include as hours worked time devoted to [activities which would not be regarded as working time under the FLSA if no compensation were provided], payments for such hours will not have the mathematical effect of increasing or decreasing the regular rate of an employee if the hours are compensated at the same rate as other working hours.

29 C.F.R. § 778.320 (emphasis added); <u>see also</u> <u>Ballaris</u>, 370 F.3d at 909 (applying § 778.320 to meal breaks).  It can be inferred from this regulation that a subtraction for paid meal breaks is not permitted in the absence of an agreement between the employer and the employee to do so.  Because there is no evidence that Gotham Pizza notified its employees that it intended to offset paid meal breaks in computing employees' regular rate of pay, much less that the employee agreed to that offset, no subtraction for such meal breaks is permitted in calculating an employee's hourly rate of pay.

8

## Conclusion

The defendants' request to instruct the jury in this FLSA action that the calculation of damages owed the plaintiffs may be offset for paid meal breaks is denied.

Dated:   New York, New York
         August 10, 2016

```
                  _____
                            DENISE COTE
                     United States District Judge
```