```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
PRISCO NAJERA, ISRAEL FUENTES,           :
CRISTOBAL BRAVO, LEVI GALLARDO, LUGO     :    12cv3133 (DLC)
ROMANO, PABLO NAJERA, ELEUTERIO          :    14cv4563 (DLC)
ALONZO, JOSE LUIS ORTEGA, WILFREDO       :    15cv4069 (DLC)
RAMIREZ, ANASATCIO ANTOLIN, LUIS         :    15cv10062(DLC)
ANTONIO CANIZAL, FAUSTO RAMALES,         :
FERNANDO ARRELLANOS, LUIS NAJERA,        :    OPINION & ORDER
ADALBERTO NAVARRO FLORES, AURELIANO      :
TAPIA, ISRAEL JUAREZ LUNA, RODOLFO       :
RUIZ BRIONES, MANUEL MONTIEL LOPEZ,      :
FERNANDO RODRIGUEZ, CLAUDIO ARIAS, and   :
IVAN BENITEZ,                            :
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
144 NINTH GOTHAM PIZZA, INC., (d/b/a     :
GOTHAM PIZZA), 852 EIGHTH GOTHAM PIZZA   :
INC., (d/b/a GOTHAM PIZZA), 1443 YORK    :
GOTHAM PIZZA INC., (d/b/a GOTHAM         :
PIZZA), 1667 FIRST GOTHAM PIZZA, INC.,   :
(d/b/a GOTHAM PIZZA), MICHAEL            :
SHAMAILOV, and LANA SHAMAILOV,           :
                                         :
                    Defendants.          :
---------------------------------------- X
```

APPEARANCES

For plaintiffs:

Joshua S. Androphy
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165

DENISE COTE, DISTRICT JUDGE:

On December 16, 2016, plaintiffs in these four consolidated cases moved to recover attorneys' fees and costs pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").  The defendants failed to file an opposition.[1]  For the following reasons, the plaintiffs' motion is granted in part.

## DISCUSSION

The relevant facts and procedural history of this litigation are set out in the Court's November 22, 2016 Opinion, Bravo v. Shamailov, No. 12 Civ. 3133(DLC), 2016 WL 6879261 (S.D.N.Y. Nov. 22, 2016), which is hereby incorporated by reference and familiarity of which is assumed.  Under the FLSA, courts award reasonable attorney's fees and costs to prevailing plaintiffs as a matter of right.[2]  29 U.S.C. § 216(b)("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  In order to be considered a prevailing plaintiff for purposes of federal fee-shifting statutes such as the FLSA, a plaintiff must achieve "some material alteration of the legal relationship of the

---

[1]  The defendants have filed notices of appeal to the United States Court of Appeals for the Second Circuit.

[2]  The NYLL likewise requires courts to award attorney's fees and costs to prevailing employees.  N.Y. Lab. Law § 198 (1-a)("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees . . . .").

parties," and "that change must also be judicially sanctioned." A.R. ex rel. R.V. v. New York City Dept. of Educ., 407 F.3d 65, 67 (2d Cir. 2005)(citation omitted); see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603-04 (2001).

When examining a prevailing plaintiff's request for attorney's fees, courts begin by calculating the presumptively reasonable -- or "lodestar" -- fee by multiplying the attorney's "reasonable hourly rate by the number of reasonably expended hours."  Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289 (2d Cir. 2011); see Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-52 (2010).  A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  Bergerson, 652 F.3d at 289-90 (citation omitted). To determine an attorney's reasonable hourly rate, courts engage in "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include taking "judicial notice of the rates awarded in prior cases," and relying on "the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005). Top dollar rates typically "are only warranted in unusually

3

difficult and complex cases." K.L. v. Warwick Valley Cent. Sch. Dist., No. 12 Civ. 6313(DLC), 2013 WL 4766339, at *7 (S.D.N.Y. Sept. 5, 2013).

To determine the number of reasonably expended hours, courts typically examine an attorney's billing records, excluding "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992); see Hensley v. Eckerhardt, 461 U.S. 424, 437 (1983). While the lodestar figure is presumptively reasonable, courts may adjust fee awards upwards or downwards based on a variety of factors including "the results obtained," "the risk of the litigation," and "the performance of the attorneys." Knigge ex rel. Corvese v. Corvese, No. 01 Civ. 5743(DLC), 2001 WL 883644, at *2 (S.D.N.Y. Aug. 6, 2001)(citation omitted); see Savoie v. Merchants Bank, 166 F.3d 456, 460 (2d Cir. 1999).

**I. Reasonable Hourly Rates**

The plaintiffs prevailed in this litigation, receiving final judgment on December 2, 2016. They propose hourly rates between $200-$450 for the work of five attorneys and $100 for paralegal work. While the plaintiffs' proposed rates fall on

4

the higher end of the spectrum of FLSA cases in this district, they are reasonable given the complexity of this litigation and the results obtained.

Plaintiffs seek to recover $450 per hour for the services of Michael Faillace.  Courts in this district have held $450 as the maximum hourly rate for a senior attorney in FLSA type cases.  Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 27 (S.D.N.Y. 2015)(collecting cases).  Given the complexity of this litigation and the favorable results obtained, the plaintiffs' proposal of $450 is reasonable.  This litigation was not straightforward.  It involved four separate lawsuits that were later consolidated, twenty-two plaintiffs, and two jury trials over more than four years.  The plaintiffs ultimately prevailed on multiple claims, resulting in judgments totaling over $1.5 million.  Mr. Faillace has considerable experience litigating federal employment actions.  Accordingly, the plaintiffs are entitled to recover fees for his services at the rate of $450 per hour.

The plaintiffs' proposed $400 hourly rate for Mr. Androphy's services is also reasonable given Mr. Androphy's exceptional performance in this litigation.  Mr. Androphy served as lead counsel in both trials before the Court and has served as lead trial counsel in twelve FLSA trials since joining Michael Faillace & Associates in 2012.  The remaining requested

rates -- $375 for Shawn Clark, $375 for Jesse Barton, $200 for Joanna Sanchez, and $100 for paralegal work -- similarly fall on the higher end of the spectrum in this district, but are reasonable given the complexity of this litigation and the favorable results obtained.

**II. Reasonably Expended Hours**

Having examined Mr. Androphy's Declaration and supporting exhibits, the plaintiffs' request for compensation of 496.9 hours of billed time is reasonable, except with respect to the number of hours attributed to Mr. Faillace.  Given that Mr. Androphy performed the "vast majority" of the work in this litigation and served as lead trial counsel -- facts the plaintiffs themselves call to the Court's attention in their motion -- a reduction of Mr. Faillace's hours is appropriate.  Accordingly, the number of reasonably expended hours attributable to Mr. Faillace is reduced to 10.

**III. Costs**

The plaintiffs also request costs in the amount of $12,027.68 -- a figure reflecting administrative costs such as filing and transcript fees and support staff costs including interpreter fees, among other things.  Having examined the relevant disbursement records and invoices, the requested costs are reasonable.

**CONCLUSION**

The plaintiffs' December 16, 2016 motion for attorneys' fees and costs is granted in part, as described herein.

Dated:    New York, New York
          February 24, 2017

                        _____
                              DENISE COTE
                        United States District Judge